IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ERIC THOMAS MYERS, )<br>　　Plaintiff, )<br> )<br>v. )<br> )<br> )<br>AARON GILLESPIE, et al., )<br>　　Defendants. ) | Civil Action No. 7:23cv237<br><br>By:  Robert S. Ballou<br>United States District Judge |

## MEMORANDUM OPINION

Plaintiff Eric Thomas Myers, a Virginia pre-trial detainee proceeding *pro se*, filed this civil rights action, pursuant to 42 U.S.C. § 1983, against his current and former attorney and against the attorney currently prosecuting a criminal case against him in state court.  Because the complaints against his own attorneys appear to be ineffective assistance of counsel claims, the court initially construed his complaint as a petition for habeas corpus under 28 U.S.C. § 2241.  Under either statute, Myers has failed to state claims for which relief can be granted.

### I.  Claims Under § 1983

Myers is currently under indictment in state court on multiple felony charges. He alleges that his attorney tried to persuade him to accept a plea agreement with terms less favorable than a plea agreement previously offered.  When he raised this concern to the court, Myers alleges that his attorney and the attorney for the Commonwealth lied to the court by representing that there was no earlier plea agreement.  Finally, after new counsel was appointed to represent him, Myers complains that his new attorney has refused to investigate whether an earlier plea offer existed.  The case remains before the Virginia circuit court with no final adjudication of Meyers's guilt.  None of these claims are actionable under § 1983, which requires a plaintiff to allege a deprivation of Constitutional rights by a person *acting under color of state law*.

Neither his first attorney, Aaron Gillespie, nor his subsequent attorney, Michael A. Thomas, are proper defendants in a § 1983 suit. Defense attorneys, even if appointed by the court, are not "acting under color of state law," as required by the statute. *Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir. 1980). Therefore, Gillespie and Thomas can have no liability under § 1983, and the § 1983 claims against them will be dismissed with prejudice.

The prosecuting attorney, Brandon Goins, is a state actor, but he has the benefit of absolute immunity for all activities associated with his role as an advocate for the state in judicial proceedings. *Imbler v. Pachtman*, 424 U.S. 409, 427–30 (1976). Absolute immunity is not extended to actions performed in an investigative or administrative capacity, however. Courts look to the nature of the function performed to decide whether absolute immunity applies. Plea negotiations are essential components of our system of criminal justice, and a prosecutor's activities in the plea-bargaining context are entitled to the protection of absolute immunity, even against allegations of misrepresentation. *Taylor v. Kavanagh*, 640 F.2d 450, 453 (2d Cir. 1981). Likewise, a prosecutor's alleged misrepresentations to the court in his role as an advocate before the court fall within the activities protected by absolute immunity. *Adams v. Hanson*, 656 F.3d 397, 404 (6th Cir. 2011). Even though absolute immunity may leave a criminal defendant without a civil remedy for damages against a prosecutor whose dishonest behavior has deprived him of liberty, the Supreme Court has decided that this is preferable to the risk of prosecutors being hampered in their judgments by fear of frequent lawsuits. *Imbler*, 424 U.S. at 427. The claim against defendant Goins will also be dismissed with prejudice.

## II. Construed as Petition for Habeas

Federal courts have jurisdiction under 28 U.S.C. § 2241 over pre-trial petitions alleging that one "is in custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2241(c)(3).  The purpose of habeas corpus is to test the legality of one's detention.  *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995).  In theory, construing Myers' petition as a habeas petition under § 2241 would be an appropriate vehicle for pursuing his claims against his lawyers, Gillespie and Thomas.

However, a judicially created doctrine of exhaustion has developed, based on federalism and comity, to protect the state courts' interest in addressing constitutional issues in the first instance and to limit federal interference in ongoing state proceedings.  *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).  Under the exhaustion doctrine, a petitioner must present his federal constitutional claims to the highest state court, on the merits, before he is entitled to seek habeas relief.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  That means that Myers would have to properly present his claims against Gillespie and Thomas to the Supreme Court of Virginia, either on direct appeal from the trial court's decision or in a properly filed petition in the Supreme Court of Virginia, before the matter may be considered by the federal court.  Further, the petitioner must present to the state court the same operative facts and the same controlling legal principles that he seeks to present to the federal court.  *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995).  The only pretrial claims that have avoided strict application of the exhaustion doctrine, in appropriate circumstances, are double jeopardy and speedy trial claims.  *See Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992) (discussing pre-trial double jeopardy claims) and  *Dickerson*, 816 F.2d at 226 (discussing pre-trial speedy rights claims).

Here, Myers's criminal trial has not yet occurred, so there has been no appeal to the Supreme Court of Virginia.  The Virginia Courts Case Information website does not reflect that Myers has filed any action directly in the Supreme Court challenging the constitutionality of his detention because of his attorneys' conduct.  Thus, he has not exhausted his state court remedies,

and his failure to exhaust those remedies precludes this court from considering his claims as if they were raised in an action under § 2241. Because Myers may still exhaust his claims against Gillespie and Thomas, the dismissal of the § 2241 claims will be without prejudice.

    An appropriate order will be entered this day.

Enter: June 11, 2023

*/s/ Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge